**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

**ESTES EXPRESS LINES,**
**INC.,**

      **Plaintiff,**

**v.**

**CHAIN EXPRESS, LLC,**
**a Florida limited liability company.**
**SPA WORLD CORPORATION,**
**a Delaware Corporation,**
**ROYAL CARIBBEAN CRUISES, LTD.,**
**a Liberian Corporation,**
**UTI WORLDWIDE, INC, d/b/a UTI MIAMI,**
**a corporation of the British Virgin Islands,**
**and**
**SOUTHERN EAGLE CARGO, INC.,**
**a Florida corporation,**

      **Defendants.**

---

**COMPLAINT**

---

Plaintiff, ESTES EXPRESS LINES, INC., ("Estes"), by and through undersigned counsel hereby files its complaint for the collection of freight charges against Defendants, SPA WORLD CORPORATION ("Spa World"), ROYAL CARIBBEAN CRUISES, LTD. ("Royal Caribbean"), UTI WORLDWIDE, INC. ("UTI"), SOUTHERN EAGLE CARGO, INC. ("Southern"), and CHAIN EXPRESS, LLC ("Chain Express") and alleges as follows:

**Parties**

1.      Estes is a Virginia corporation with a principal place of business in Richmond,

Virginia.

2.      Estes is  a duly licensed and authorized motor carrier and is engaged in the performance of interstate carriage for hire by the authority issued to it by the Federal Motor Carrier Safety Administration (FMCSA).

3.      Chain is a Florida Limited Liability Company with its principal place of business in Miami, Florida, all of whose members reside outside the State of Virginia, engaged in the arranging of transportation services, operating as a transportation broker.

4.      Spa World is a Delaware Corporation with its principal place of business in Miami, Florida, engaged in the global sale of spas and related goods.

5.      Royal Caribbean is a Liberian corporation with its principal place of business in Miami, Florida, operating as a commercial cruise line.

6.      UTI is a foreign Corporation with its principal place of business in Miami, Florida, engaged in business as a freight forwarder and logistics company.

7.      Southern is a Florida Corporation with its principal place of business in Miami, Florida, engaged in the arranging of transportation services, operating as a transportation broker or freight forwarder.

**Jurisdiction and Venue**

8.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367, in that the claims against UTI, Royal Caribbean, and Southern are so related to the claims against Chain Express and Spa World that they form part of the same case or controversy under Article III of the United States

Constitution.

9.      Venue is proper in this district pursuant to 28 U.S.C. §1391(a) and (c), in that Defendants have either their principal place of business within this district or operate out of a location within this district and a substantial part of the events and omissions giving rise to this action occurred within this district.

## Factual Allegations

10.      This matter involves an indebtedness of Chain, Spa World, UTI, Royal Caribbean, and Southern owed to Estes for numerous shipments moved by Estes pursuant to a pricing structure set up through Chain Express, the terms of which were extended to Spa World, UTI, Royal Caribbean, and Southern.

11.      Estes moved freight in interstate commerce between various points in the continental United States for Defendants pursuant to the pricing agreement.

12.      Defendants are in default of their respective obligations to Estes pursuant to the pricing agreement.  As of the time of filing this Complaint, Defendants are indebted to Estes as follows:

| Debtor | Original Freight | Discount | Total Owed |
|---|---|---|---|
| Spa World | $48,972.34 | $52,729.53 | $101,701.87 |
| UTI | $5,773.65 | $6,208.68 | $11,982.33 |
| Royal Caribbean | $11,938.99 | $13,295.78 | $25,234.77 |
| Southern | $2,133.96 | $3,161.41 | $5,295.37 |
| Chain | $86,174.10 | $86,452.60 | $172,626.70 |

13.      Unless Estes receives full payment of its freight charges within 30 days from

the original invoice due date, Item 720 of Estes' EXLA Tariff 105 series, to which this action is subject, required that Estes remove the discounts applicable to all such invoices.

14.     More than thirty (30) days have elapsed since the latest of Estes' original invoice due dates.  To date, Defendants have failed to remit payment and the entire principal indebtedness remains due and owing.

## COUNT ONE
### Breach of Transportation Contracts (Spa World)

15.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14  hereof as though fully set forth herein.

16.     Chain Express tendered numerous shipments of commercial goods owned by Spa World to Estes pursuant to bills of lading contracts and Estes' incorporated tariffs, between July 2011 and February 2013.

17.     Each of the shipments was arranged by Chain Express and Spa World was consignee, consignor, or "bill to" party, on each and every bill of lading.

18.     Estes was the transportation entity of record on each of the shipping contracts, pursuant to which Estes transported each of the aforesaid shipments for Spa World to the respective destinations, without loss, damage, or delay.

19.     Chain Express was the broker or shipper's agent of record for each and every one of the shipments arranged for Spa World, and each of the shipments was ultimately delivered to destination by Estes.

20.     As a federally licensed motor carrier, Estes is required to bill and collect its freight charges.

21.     Spa World received the benefit of Estes' services.

22.     Estes has invoiced Chain Express in the original amount of $48,972.34 and Chain Express has accepted these invoices as agent for Spa World without objection or protest.

23.     Estes was then forced to demand payment from the consignee, Spa World, who is liable to the motor carrier pursuant to the bill of lading contracts, in the original discounted amount of $48,972.34.

24.     Despite due demand, Spa World has failed to make payment to Estes.

25.     In accordance with Item 720 of Estes' EXLA Tariff 105 series, to which this action is subject, Estes has removed the discounts applicable to all invoices Spa World did not pay in full as required within thirty (30) calendar days of said demand.

26.     By virtue of the foregoing, Estes is entitled to the full amount of its undiscounted freight charges due and owing by Spa World to Estes - $101,701.87, consisting of original freight charges of $48,972.34 and discount removals totaling $52,729.53.

27.     Estes has performed all conditions precedent necessary to the bringing of this action, or the performance of such conditions has been excused or waived.

28.     Estes has retained the services of the undersigned attorneys to bring this action, and has agreed to pay them a reasonable fee.  Such fee is claimed from Defendant.

WHEREFORE, Plaintiff Estes Express Lines, Inc., prays to the Court for Judgment as follows:

(1)     that Judgment be entered against Defendant, Spa World Corporation, and that Estes be awarded the amount of $101,701.87 pursuant to Count One for otherwise

identified and unpaid freight charges;

(2)     that Estes have and recover its attorneys' fees if allowed by law and costs of this suit; and

(3)     for such other and further relief as this Court may deem just and proper.

## COUNT TWO
## Quasi Contract (Spa World)

29.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 hereof as though fully set forth herein.

30.     As a result of the foregoing, Estes provided transportation services to, for, or on behalf of Spa World, as requested by Spa World and/or Spa World's disclosed agent.

31.     Estes has conferred a series of benefits on Spa World, in the form of financial windfalls via freight transportation services rendered to Spa World, which Spa World has failed to pay to Estes, who rightfully earned such freight charges.

32.     Spa World actually received the benefit of and accepted these services, such that Spa World is liable to Estes under the theories of *quantum meruit* and/or unjust enrichment.

WHEREFORE, Plaintiff Estes Express Lines, Inc., prays to the Court for Judgment as follows:

(1)     that Judgment be entered against Defendant, Spa World Corporation, and that Estes be awarded the amount of $101,701.87 pursuant to Count One for otherwise identified and unpaid freight charges;

(2)     that Estes have and recover its attorneys' fees if allowed by law and costs of this suit; and

(3)      for such other and further relief as this Court may deem just and proper.

## COUNT THREE
## Account Stated (Spa World)

33.      Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 28  hereof as though fully set forth herein.

34.      Spa World or its agent, Chain Express, tendered numerous shipments of commercial goods to Estes pursuant to bills of lading contracts and Estes' incorporated tariffs, between July 2011 and February 2013.

35.      Spa World was the disclosed principal of its shipping agent Chain Express, and was listed as the shipper, consignee, or bill to party on each of the bill of lading contracts.

36.      Between July 2011 and February 2013, Estes submitted to Chain Express numerous invoices for freight charges due and owing to Estes for transportation services rendered to, for, or on behalf of Spa World.

37.      Chain Express received Estes' invoices covering the freight charges and retained the invoices without objection or protest.

38.      Following the failure of Chain Express to object to or pay Estes' invoices on behalf of Spa World, Estes invoiced Spa World directly for the subject freight charges.

39.      Spa World failed to object to Estes invoices and to pay the amounts owed therein.

40.      By virtue of the foregoing, Estes is entitled to the full amount of its undiscounted freight charges due and owing by Spa World to Estes - $101,701.87, consisting of original freight charges of $48,972.34 and discount removals totaling

$52,729.53.

WHEREFORE, Plaintiff Estes Express Lines, Inc., prays to the Court for Judgment as follows:

(1)     that Judgment be entered against Defendant, Spa World Corporation, and that Estes be awarded the amount of $101,701.87, pursuant to Count One for otherwise identified and unpaid freight charges;

(2)     that Estes have and recover its attorneys' fees if allowed by law and costs of this suit; and

(3)     for such other and further relief as this Court may deem just and proper.

### COUNT FOUR
### Breach of Transportation Contracts (Royal Caribbean)

41.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14  hereof as though fully set forth herein.

42.     Royal Caribbean or its disclosed agent, Chain Express tendered numerous shipments of commercial goods owned by Royal Caribbean to Estes pursuant to bills of lading contracts and Estes' incorporated tariffs, between July 2011 and February 2013.

43.     Each of the shipments was arranged by Chain Express and Royal Caribbean was consignee, consignor, or "bill to" party, on each and every bill of lading.

44.     Estes was the transportation entity of record on each of the shipping contracts, pursuant to which Estes transported each of the aforesaid shipments for Royal Caribbean to the respective destinations, without loss, damage, or delay.

45.     Chain Express was the broker or shipper's agent of record for each and every one of the shipments arranged for Royal Caribbean, and each of the shipments was

ultimately delivered to destination by Estes.

46.     As a federally licensed motor carrier, Estes is required to bill and collect its freight charges.

47.     Royal Caribbean received the benefit of Estes' services.

48.     Estes has invoiced Chain Express in the original amount of $11,938.99 and Chain Express has accepted these invoices as agent for Royal Caribbean without objection or protest.

49.     Estes was then forced to demand payment from the consignee, Royal Caribbean, who is liable to the motor carrier pursuant to the bill of lading contracts, in the original discounted amount of $11,938.99.

50.     Despite due demand, Royal Caribbean has failed to make payment to Estes.

51.     In accordance with Item 720 of Estes' EXLA Tariff 105 series, to which this action is subject, Estes has removed the discounts applicable to all invoices Royal Caribbean did not pay in full as required within thirty (30) calendar days of said demand.

52.     By virtue of the foregoing, Estes is entitled to the full amount of its undiscounted freight charges due and owing by Royal Caribbean to Estes - $25,234.77, consisting of original freight charges of $11,938.99 and discount removals totaling $13,295.78.

53.     Estes has performed all conditions precedent necessary to the bringing of this action, or the performance of such conditions has been excused or waived.

54.     Estes has retained the services of the undersigned attorneys to bring this action, and has agreed to pay them a reasonable fee.  Such fee is claimed from Defendant.

WHEREFORE, Plaintiff Estes Express Lines, Inc., prays to the Court for Judgment as follows:

(1)      that Judgment be entered against Defendant, Royal Caribbean Cruises, Ltd., and that Estes be awarded the amount of $25,234.77 pursuant to Count One for otherwise identified and unpaid freight charges;

(2)      that Estes have and recover its attorneys' fees if allowed by law and costs of this suit; and

(3)      for such other and further relief as this Court may deem just and proper.

## COUNT FIVE
### Quasi Contract (Royal Caribbean)

55.      Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 hereof as though fully set forth herein.

56.      As a result of the foregoing, Estes provided transportation services to, for, or on behalf of Royal Caribbean, as requested by Royal Caribbean and/or Royal Caribbean's disclosed agent.

57.      Estes has conferred a series of benefits on Royal Caribbean, in the form of financial windfalls via freight transportation services rendered to Royal Caribbean, which Royal Caribbean has failed to pay to Estes, who rightfully earned such freight charges.

58.      Royal Caribbean actually received the benefit of and accepted these services, such that Royal Caribbean is liable to Estes under the theories of *quantum meruit* and/or unjust enrichment.

WHEREFORE, Plaintiff Estes Express Lines, Inc., prays to the Court for Judgment as follows:

(1)     that Judgment be entered against Defendant, Royal Caribbean Cruises, Ltd., and that Estes be awarded the amount of $25,234.77 pursuant to Count One for otherwise identified and unpaid freight charges;

(2)     that Estes have and recover its attorneys' fees if allowed by law and costs of this suit; and

(3)     for such other and further relief as this Court may deem just and proper.

## COUNT SIX
### Account Stated (Royal Caribbean)

59.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs  through 14 and 41 through 54 hereof as though fully set forth herein.

60.     Royal Caribbean or its agent, Chain Express, tendered numerous shipments of commercial goods to Estes pursuant to bills of lading contracts and Estes' incorporated tariffs, between July 2011 and February 2013.

61.     Royal Caribbean was the disclosed principal of its shipping agent Chain Express, and was listed as the shipper, consignee, or bill to party on each of the bill of lading contracts.

62.     Between July 2011 and February 2013, Estes submitted to Chain Express numerous invoices for freight charges due and owing to Estes for transportation services rendered to, for, or on behalf of Royal Caribbean.

63.     Chain Express received Estes' invoices covering the freight charges and retained the invoices without objection or protest.

64.     Following the failure of Chain Express to object to or pay Estes' invoices on behalf of Royal Caribbean, Estes invoiced Royal Caribbean directly for the subject freight

charges.

65.     Royal Caribbean failed to object to Estes invoices and to pay the amounts owed therein.

66.     By virtue of the foregoing, Estes is entitled to the full amount of its undiscounted freight charges due and owing by Royal Caribbean to Estes - $25,234.77, consisting of original freight charges of $11,938.99 and discount removals totaling $13,295.78.

WHEREFORE, Plaintiff Estes Express Lines, Inc., prays to the Court for Judgment as follows:

(1)     that Judgment be entered against Defendant, Royal Caribbean Cruises, Ltd., and that Estes be awarded the amount of $25,234.77 pursuant to Count One for otherwise identified and unpaid freight charges;

(2)     that Estes have and recover its attorneys' fees if allowed by law and costs of this suit; and

(3)     for such other and further relief as this Court may deem just and proper.

### COUNT SEVEN
### Breach of Transportation Contracts (UTI)

67.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14  hereof as though fully set forth herein.

68.     UTI or its disclosed agent, Chain Express tendered numerous shipments of commercial goods owned by UTI to Estes pursuant to bills of lading contracts and Estes' incorporated tariffs, between July 2011 and February 2013.

69.     Each of the shipments was arranged by Chain Express and UTI was

consignee, consignor, or "bill to" party, on each and every bill of lading.

70.     Estes was the transportation entity of record on each of the shipping contracts, pursuant to which Estes transported each of the aforesaid shipments for UTI to the respective destinations, without loss, damage, or delay.

71.     Chain Express was the broker or shipper's agent of record for each and every one of the shipments arranged for UTI, and each of the shipments was ultimately delivered to destination by Estes.

72.     As a federally licensed motor carrier, Estes is required to bill and collect its freight charges.

73.     UTI received the benefit of Estes' services.

74.     Estes has invoiced Chain Express in the original amount of $6,208.68 and Chain Express has accepted these invoices as agent for UTI without objection or protest.

75.     Estes was then forced to demand payment from the consignee, UTI, who is liable to the motor carrier pursuant to the bill of lading contracts, in the original discounted amount of $5,773.65.

76.     Despite due demand, UTI has failed to make payment to Estes.

77.     In accordance with Item 720 of Estes' EXLA Tariff 105 series, to which this action is subject, Estes has removed the discounts applicable to all invoices UTI did not pay in full as required within thirty (30) calendar days of said demand.

78.     By virtue of the foregoing, Estes is entitled to the full amount of its undiscounted freight charges due and owing by UTI to Estes - $11,982.33, consisting of original freight charges of $5,773.65 and discount removals totaling $6,208.68.

79.     Estes has performed all conditions precedent necessary to the bringing of

this action, or the performance of such conditions has been excused or waived.

80.     Estes has retained the services of the undersigned attorneys to bring this action, and has agreed to pay them a reasonable fee.   Such fee is claimed from Defendant.

WHEREFORE, Plaintiff Estes Express Lines, Inc., prays to the Court for Judgment as follows:

(1)     that Judgment be entered against Defendant, UTI, Inc., and that Estes be awarded the amount of $11,982.33 pursuant to Count One for otherwise identified and unpaid freight charges;

(2)     that Estes have and recover its attorneys' fees if allowed by law and costs of this suit; and

(3)     for such other and further relief as this Court may deem just and proper.

## COUNT EIGHT
## Quasi Contract (UTI)

81.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 hereof as though fully set forth herein.

82.     As a result of the foregoing, Estes provided transportation services to, for, or on behalf of UTI, as requested by UTI and/or UTI's disclosed agent.

83.     Estes has conferred a series of benefits on UTI, in the form of financial windfalls via freight transportation services rendered to UTI, which UTI has failed to pay to Estes, who rightfully earned such freight charges.

84.     UTI actually received the benefit of and accepted these services, such that UTI is liable to Estes under the theories of *quantum meruit* and/or unjust enrichment.

WHEREFORE, Plaintiff Estes Express Lines, Inc., prays to the Court for Judgment as follows:

(1)     that Judgment be entered against Defendant, UTI, Inc., and that Estes be awarded the amount of $11,982.33 pursuant to Count One for otherwise identified and unpaid freight charges;

(2)     that Estes have and recover its attorneys' fees if allowed by law and costs of this suit; and

(3)     for such other and further relief as this Court may deem just and proper.

## COUNT NINE
## Account Stated (UTI)

85.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 and 67 through 80  hereof as though fully set forth herein.

86.     UTI or its agent, Chain Express, tendered numerous shipments of commercial goods to Estes pursuant to bills of lading contracts and Estes' incorporated tariffs, between July 2011 and February 2013.

87.     UTI was the disclosed principal of its shipping agent Chain Express, and was listed as the shipper, consignee, or bill to party on each of the bill of lading contracts.

88.     Between July 2011 and February 2013, Estes submitted to Chain Express numerous invoices for freight charges due and owing to Estes for transportation services rendered to, for, or on behalf of UTI.

89.     Chain Express received Estes' invoices covering the freight charges and retained the invoices without objection or protest.

90.     Following the failure of Chain Express to object to or pay Estes' invoices on

behalf of UTI, Estes invoiced UTI directly for the subject freight charges.

91.    UTI failed to object to Estes invoices and to pay the amounts owed therein.

92.    By virtue of the foregoing, Estes is entitled to the full amount of its undiscounted freight charges due and owing by UTI to Estes -$11,982.33, consisting of original freight charges of $5,773.65 and discount removals totaling $6,208.68.

WHEREFORE, Plaintiff Estes Express Lines, Inc., prays to the Court for Judgment as follows:

(1)    that Judgment be entered against Defendant, UTI, Inc., and that Estes be awarded the amount of $11,982.33 pursuant to Count One for otherwise identified and unpaid freight charges;

(2)    that Estes have and recover its attorneys' fees if allowed by law and costs of this suit; and

(3)    for such other and further relief as this Court may deem just and proper.

## COUNT TEN
## Breach of Transportation Contracts (Southern)

93.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14  hereof as though fully set forth herein.

94.    Southern or its disclosed agent, Chain Express tendered numerous shipments of commercial goods owned by Southern to Estes pursuant to bills of lading contracts and Estes' incorporated tariffs, between July 2011 and February 2013.

95.    Each of the shipments was arranged by Chain Express and Southern was consignee, consignor, or "bill to" party, on each and every bill of lading.

96.    Estes was the transportation entity of record on each of the shipping

contracts, pursuant to which Estes transported each of the aforesaid shipments for Southern to the respective destinations, without loss, damage, or delay.

97.    Chain Express was the broker or shipper's agent of record for each and every one of the shipments arranged for Southern, and each of the shipments was ultimately delivered to destination by Estes.

98.    As a federally licensed motor carrier, Estes is required to bill and collect its freight charges.

99.    Southern received the benefit of Estes' services.

100.    Estes has invoiced Chain Express in the original amount of $2,133.96 and Chain Express has accepted these invoices as agent for Southern without objection or protest.

101.    Estes was then forced to demand payment from the consignee, Southern, who is liable to the motor carrier pursuant to the bill of lading contracts, in the original discounted amount of $2,133.96.

103.    Despite due demand, Southern has failed to make payment to Estes.

103.    In accordance with Item 720 of Estes' EXLA Tariff 105 series, to which this action is subject, Estes has removed the discounts applicable to all invoices Southern did not pay in full as required within thirty (30) calendar days of said demand.

104.    By virtue of the foregoing, Estes is entitled to the full amount of its undiscounted freight charges due and owing by Southern to Estes - $5,295.37, consisting of original freight charges of $2,133.96 and discount removals totaling $3,161.41.

105.    Estes has performed all conditions precedent necessary to the bringing of this action, or the performance of such conditions has been excused or waived.

106.    Estes has retained the services of the undersigned attorneys to bring this action, and has agreed to pay them a reasonable fee.  Such fee is claimed from Defendant.

WHEREFORE, Plaintiff Estes Express Lines, Inc., prays to the Court for Judgment as follows:

(1)    that Judgment be entered against Defendant, Southern Eagle Cargo, Inc., and that Estes be awarded the amount of $5,295.37 pursuant to Count One for otherwise identified and unpaid freight charges;

(2)    that Estes have and recover its attorneys' fees if allowed by law and costs of this suit; and

(3)    for such other and further relief as this Court may deem just and proper.

## COUNT ELEVEN
### Quasi Contract (Southern)

107.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 hereof as though fully set forth herein.

108.    As a result of the foregoing, Estes provided transportation services to, for, or on behalf of Southern, as requested by Southern and/or Southern's disclosed agent.

109.    Estes has conferred a series of benefits on Southern, in the form of financial windfalls via freight transportation services rendered to Southern, which Southern has failed to pay to Estes, who rightfully earned such freight charges.

110.    Southern actually received the benefit of and accepted these services, such that Southern is liable to Estes under the theories of *quantum meruit* and/or unjust enrichment.

WHEREFORE, Plaintiff Estes Express Lines, Inc., prays to the Court for Judgment as follows:

(1)    that Judgment be entered against Defendant, Southern Eagle Cargo, Inc., and that Estes be awarded the amount of $5,295.37 pursuant to Count One for otherwise identified and unpaid freight charges;

(2)    that Estes have and recover its attorneys' fees if allowed by law and costs of this suit; and

(3)    for such other and further relief as this Court may deem just and proper.

## COUNT TWELVE
### Account Stated (Southern)

111.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 and 93 through 106 hereof as though fully set forth herein.

112.    Southern or its agent, Chain Express, tendered numerous shipments of commercial goods to Estes pursuant to bills of lading contracts and Estes' incorporated tariffs, between July 2011 and February 2013.

113.    Southern was the disclosed principal of its shipping agent Chain Express, and was listed as the shipper, consignee, or bill to party on each of the bill of lading contracts.

114.    Between July 2011 and February 2013, Estes submitted to Chain Express numerous invoices for freight charges due and owing to Estes for transportation services rendered to, for, or on behalf of Southern.

115.    Chain Express received Estes' invoices covering the freight charges and retained the invoices without objection or protest.

116.    Following the failure of Chain Express to object to or pay Estes' invoices on

behalf of Southern, Estes invoiced Southern directly for the subject freight charges.

117.    Southern failed to object to Estes invoices and to pay the amounts owed therein.

118.    By virtue of the foregoing, Estes is entitled to the full amount of its undiscounted freight charges due and owing by Southern to Estes -$5,295.37, consisting of original freight charges of $2,133.96 and discount removals totaling $3,161.41.

WHEREFORE, Plaintiff Estes Express Lines, Inc., prays to the Court for Judgment as follows:

(1)    that Judgment be entered against Defendant, Southern Eagle Cargo, Inc., and that Estes be awarded the amount of $5,295.37 pursuant to Count One for otherwise identified and unpaid freight charges;

(2)    that Estes have and recover its attorneys' fees if allowed by law and costs of this suit; and

(3)    for such other and further relief as this Court may deem just and proper.

## COUNT THIRTEEN
### Breach of Transportation Contracts (Chain Express)

118.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14, and each of the underlying breach of contract counts hereof as though fully set forth herein.

119.    Chain tendered numerous shipments of commercial goods to Estes pursuant to bills of lading contracts and Estes' incorporated tariffs, between July 2011 and February 2013.

120.    Each of the shipments was arranged by Chain Express and Chain Express

was referenced as the bill to party on each and every bill of lading.

121.    Estes was the transportation entity of record on each of the shipping contracts, pursuant to which Estes transported each of the aforesaid shipments for Chain Express to the respective destinations, without loss, damage, or delay.

122.    Chain Express was the shipper, broker, or shipper's agent of record for each and every one of the shipments arranged on Chain Express or its customer, and each of the shipments was ultimately delivered to destination by Estes.

123.    As a federally licensed motor carrier, Estes is required to bill and collect its freight charges.

124.    Chain Express received the benefit of Estes' services.

125.    Estes has invoiced Chain Express in the original amount of $86,174.10 and Chain Express has accepted these invoices without objection or protest.

126.    Despite due demand, Chain Express has failed to make payment to Estes.

127.    In accordance with Item 720 of Estes' EXLA Tariff 105 series, to which this action is subject, Estes has removed the discounts applicable to all invoices Defendants did not pay in full as required within thirty (30) calendar days.

128.    By virtue of the foregoing, Estes is entitled to the full amount of its undiscounted freight charges due and owing by Chain Express to Estes - $172,626.70, consisting of original freight charges of $86,174.10 and discount removals totaling $86,452.60.

129.    Estes has performed all conditions precedent necessary to the bringing of this action, or the performance of such conditions has been excused or waived.

130.    Estes has retained the services of the undersigned attorneys to bring this

action, and has agreed to pay them a reasonable fee.  Such fee is claimed from Defendant.

WHEREFORE, Plaintiff Estes Express Lines, Inc., prays to the Court for Judgment as follows:

(1)     that Judgment be entered against Defendant, Chain Express, LLC, and that Estes be awarded the amount of $172,626.70 pursuant to Count One for otherwise identified and unpaid freight charges;

(2)     that Estes have and recover its attorneys' fees if allowed by law and costs of this suit; and

(3)     for such other and further relief as this Court may deem just and proper.

## COUNT FOURTEEN
### Quasi Contract (Chain Express)

131.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 hereof as though fully set forth herein.

132.    As a result of the foregoing, Estes provided transportation services to, for, or on behalf of Defendant, as requested by Defendant and/or Defendant's disclosed agent.

133.    Estes has conferred a series of benefits on Chain Express, in the form of financial windfalls via freight transportation services rendered to Chain Express, which Chain Express has failed to pay to Estes, who rightfully earned such freight charges.

134.    Defendant actually received the benefit of and accepted these services, such that Defendant is liable to Estes under the theories of *quantum meruit* and/or unjust enrichment.

WHEREFORE, Plaintiff Estes Express Lines, Inc., prays to the Court for Judgment

as follows:

(1)     that Judgment be entered against Defendant, Chain Express, LLC, and that Estes be awarded the amount of $172,626.70 pursuant to Count One for otherwise identified and unpaid freight charges;

(2)     that Estes have and recover its attorneys' fees if allowed by law and costs of this suit; and

(3)     for such other and further relief as this Court may deem just and proper.

## COUNT FIFTEEN
## Account Stated (Chain Express)

135.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 and 118 through 130  hereof as though fully set forth herein.

135.     Defendant tendered numerous shipments of commercial goods to Estes pursuant to bills of lading contracts and Estes' incorporated tariffs, between July 2011 and February 2013.

136.     Between July 2011 and February 2013, Estes submitted to Chain Express numerous invoices for freight charges due and owing to Estes for transportation services rendered to, for, or on behalf of Chain Express.

137.     Chain Express received Estes' invoices covering the freight charges and retained the invoices without objection or protest.

138.     By virtue of the foregoing, Estes is entitled to the full amount of its undiscounted freight charges due and owing by Chain Express to Estes - $172,626.70, consisting of original freight charges of $86,174.10 and discount removals totaling

$86,452.60.

WHEREFORE, Plaintiff Estes Express Lines, Inc., prays to the Court for Judgment as follows:

(1)    that Judgment be entered against Defendant, Chain Express, LLC, and that Estes be awarded the amount of $172,626.70 pursuant to Count One for otherwise identified and unpaid freight charges;

(2)    that Estes have and recover its attorneys' fees if allowed by law and costs of this suit; and

(3)    for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**Lawrence J. Roberts & Associates, P.A.**
Attorneys for Plaintiff
249 Catalonia Avenue
Coral Gables, Florida 33134
Phone: (305) 441-7882
Fax: (305) 441-7883
Email: lroberts@lrobertsandassociates.com
Email: dsmith@lrobertsandassociates.com

By:   /s/  *LAWRENCE J. ROBERTS*
        LAWRENCE J. ROBERTS, ESQ.
        Florida Bar No.: 343218
        DAVID W. SMITH, ESQ.
        Florida Bar No.: 89870